Earl Gavin
    Plaintiff

Case No.

-v-

Transworld System Inc.
    Defendant

RECEIVED
USDC, CLERK GREENVILLE, SC
2017 SEP 13 PM 1:18

**JURY TRIAL DEMANDED**

## PLAINTIFF VERIFIED COMPLAINT

1. This is an action brought by Plaintiff, Earl Gavin, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA").

### JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

### PARTIES

3. Plaintiff, Earl Gavin, is a natural person and citizen of the State of South Carolina, Cherokee County.

4. Defendant Transworld Systems Inc, National Association. is a North Carolina corporation. Transworld Systems Inc, may be served with process through its registered agent for service of process, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Transworld Systems Inc, was doing business in the State of South Carolina and in this division.

5. Plaintiff contends that this is common practice by the Defendants nationwide and Plaintiff plans on propounding discovery to identify others that may have been affected by the Defendants collection practice with use of ATDS capable equipment and prerecorded messages..

### FACTUAL ALLEGATIONS

6. Defendants began to make telephone calls to Plaintiff's cellular telephone in an attempt to collect an alleged debt. Each time the Plaintiff answered a call on his cellular telephone, would hear an automated message from Transworld Systems Inc. There usually be a live person on my voicemail Defendant. In response to the some calls,

Plaintiff called back the phone number of the Defendant a few times, in effort to identify who is calling.

7. Upon information and belief, all of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system or ATDS or prerecorded both as defined by 47 U.S.C. § 227.

8. Further, on the several occasion when Plaintiff would answer Defendant's calls but Defendant would not say anything and there would be only dead air.

9. On the several occasion, when Plaintiff would answer Defendant's call he stated "quit calling this number" or "quit calling this phone" but there was only dead air and it disconnected the call.

10. Plaintiff at or near the time each of the calls was placed to his wireless phone by the Defendant, he made notes of all call details including but not limited to the date, time, whether he answered the call and what was said by the caller, if anything, what he said or whether a voicemail message was left. See *Exhibit B 1-8*

11. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service pursuant to 47 U.S.C. §227(b)(1).

12. Plaintiff did not give his cell phone number to Transworld Systems Inc nor expressly or impliedly consent to Defendant's placement of telephone calls to his cellular telephone in efforts to collect a debt by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendant knew, or should have known, that they were calling Plaintiff's cellular telephone number without Plaintiff's consent. Defendant also knew, or should have known, that the account they were trying to collect was not in Plaintiff's name. Yet, Defendant continued to repeatedly call the Plaintiff.

13. Plaintiff asked Transworld Systems Inc agents on multiple occasion said to stop calling his cell phone & Home phone in the month July 2014 & July 2016.

14. Defendants made several phone calls within a twenty-four hour period using multiple telephone numbers using a auto dialer and calls where made to collect an alleged debt.

15. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I). And calls were made without consent to do so, express or otherwise of the Plaintiff having been given. In doing so, Transworld Systems Inc violated Plaintiff's rights to privacy under 47 U.S.C. §227 et seq.

16. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

17. The calls from the Defendant to Plaintiff's wireless phone occurred on from July 2014 through out to July 2016. **Total of 104 calls.** *See exhibit A*

18. Defendants made 104 individual calls to Plaintiff's wireless phone from July, 2014 and continuing through July, 2016 using ATDS capable equipment with recorded messages using automatic telephone dialing systems or artificial or prerecorded voices on Plaintiff cell phone.

19. From July 2014 thru July 2016, Transworld Systems Inc violated the TCPA by calling Plaintiff's cell phone 28 times with no prior permission given by Plaintiff.

20. From July 2014 thru July 2016 Transworld Systems Inc violated the TCPA by leaving recorded messages on Plaintiff cell phone without express permission

21. Defendants made 104 calls to the Plaintiff's wireless phone number from 704-837-1474, 704-315-2396 and 704-930-0286 and left automated voice mail messages. Upon information and belief said number is used by ATDS to place calls in connection its debt collection operations for a debt that not in my name.

22. On July 22, 2017, Plaintiff sent pending litigation letter via certified mail to the defendant physical address. And at this time there was been no reply or response.

23. On or about 1:31pm on August 25, 2017 Plaintiff made phone call to Defendant and spoke with agent name Becky. Plaintiff mention concerns about the phone calls made to his cell phone. After given my name and phone numbers. Agents said that they calls for a person name Marcus Quick. Which is a person that Plaintiff don't recognize. Plaintiff ask the agent how we going to handle the all the calls that was made to my cell, and she transfer me to supervisor Kelli Mays. Ms. Mays confirmed that my name & phone numbers was not in their database and she was going to make sure my number are not called again. Plaintiff mention to her how we going to handle the multiple calls to my phones. She said nothing they can do. I mention to her that I had proof of the calls. She instruct me to send the screenshots.

24. On August 28, 2017, Plaintiff sent cell phone screenshots via email to Kelli Mays of 4 calls to my cell and was asking how we are to handle this matter prior to litigation. As of September 4, 2017, there has been no reply to my email.

25. Defendants made 104 calls to Plaintiff cell phone with the attempt collect on a debt. And Plaintiff did not have any contractual agreement with the defendant.

26. All Defendants automate messages or prerecorded messages would reference to call "Transworld Systems Inc ", and Plaintiff doesn't have any business or debt with the Defendant. And Transworld Systems Inc was asked to stop calling several times about subject matter.

27. As outlined above, on number of occasion Defendant would leave a prerecorded voicemail message on my phones.

28. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

29. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

30. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

31. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

32. Plaintiff felt extremely harassed and his privacy was egregiously violated receiving multiple calls on the same day on several occasion when there was never a live person who spoke on any of the calls.

33. At the times that all of the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody and control of the phone and paid for the service.

34. Plaintiff's right to privacy was constantly violated receiving so many phone calls over 24 month period without his consent regarding an account he had no knowledge of or responsible for. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

35. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect an alleged debt.

36. The conduct of Defendants engaging in the systematic campaign of harassment by repeatedly telephone the Plaintiff demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person

37. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA.

38. Defendant breached their duty to Plaintiff by negligently failing to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, and mental suffering, pain, and anguish.

39. All calls were made within the 24 month mention above are all violations alleged in this action are within the statute of limitations of four years under TCPA

40. Plaintiff doesn't owe the Defendant any money.

41. Plaintiff never had any contractual agreement or obligation with the defendant.

## COUNT 1
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

40. Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 41 as if set forth fully herein.

41. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

42. Defendants has committed 104 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

43. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The 104 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional calls.

44. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Transworld Systems Inc do not have an established business relationship within the meaning of 47 U.S.C. §227

WHEREFORE, Plaintiff demands judgment for damages against Transworld Systems Inc .. for actual, statutory damages, and punitive damages, attorney's fees and costs

### AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendants for the following:

A. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

D. For this matter to be heard by a jury; and

E. For such other and further relief as this Court deems necessary and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law

Respectfully Submitted,

_____
Earl Gavin