## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | | |
|---|---|---|
| **EARL GAVIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **Case No. 7:17-cv-02445-TMC-JDA** |
| **TRANSWORLD SYSTEMS INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## DEFENDANT TRANSWORLD SYSTEMS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Transworld Systems, Inc. ("TSI"), through counsel and under the Federal Rules of Civil Procedure, hereby submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Earl Gavin ("plaintiff"), and states as follows:

1.      TSI admits plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.,* but denies any violations, liability, damages, or wrongdoing under the law.  Except as specifically admitted, TSI denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2.      TSI denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

## PARTIES

3.      TSI denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

4.      TSI admits that it is a corporation that does business in the State of South Carolina.  Except as specifically admitted, TSI denies the allegations in ¶ 4.

5.      TSI denies the allegations in ¶ 5.

## FACTUAL ALLEGATIONS

6.      TSI denies the allegations in ¶ 6.

7.      TSI denies the allegations in ¶ 7.

8.      TSI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.      TSI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.      TSI denies the allegations in ¶ 10 and denies that the information contained in Exhibit B is accurate.

11.      TSI denies the allegations in ¶ 11.

12.      TSI denies the allegations in ¶ 12.

13.      TSI denies the allegations in ¶ 13.

14.      TSI denies the allegations in ¶ 14.

15.      TSI denies the allegations in ¶ 15.

16.      TSI denies the allegations in ¶ 16.

17.      TSI denies the allegations in ¶ 17.

18.     TSI denies the allegations in ¶ 18.

19.     TSI denies the allegations in ¶ 19.

20.     TSI denies the allegations in ¶ 20.

21.     TSI denies the allegations in ¶ 21.

22.     TSI denies the allegations in ¶.

23.     TSI denies the allegations in ¶ 23.

24.     TSI denies the allegations in ¶ 24.

25.     TSI denies the allegations in ¶ 25.

26.     TSI denies the allegations in ¶ 26.

27.     TSI denies the allegations in ¶ 27.

28.     TSI denies the allegations in ¶ 28.

29.     TSI denies the allegations in ¶ 29.

30.     TSI denies the allegations in ¶ 30.

31.     TSI denies the allegations in ¶ 31.

32.     TSI denies the allegations in ¶ 32.

33.     TSI denies the allegations in ¶ 33.

34.     TSI denies the allegations in ¶ 34.

35.     TSI denies the allegations in ¶ 35.

36.     TSI denies the allegations in ¶ 36.

37.     TSI denies the allegations in ¶ 37.

38.     TSI denies the allegations in ¶ 38.

39.     TSI denies the allegations in ¶ 39.

40.    TSI denies that plaintiff does not owe the debt TSI was attempting to collect.

41.    TSI admits that plaintiff never had a contract directly with TSI, but denies that plaintiff does not owe the debt that was placed with TSI for collection.

### COUNT I
### VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

40[sic] TSI reasserts the foregoing as if fully incorporated herein.

41[sic] TSI denies the allegations in the second numbered ¶ 41.

42    TSI denies the allegations in ¶ 42.

43.    TSI denies the allegations in ¶ 43.

44.    TSI denies the allegations in ¶ 44.

TSI denies that plaintiff is entitled to the relief sought in the paragraph beginning with WHEREFORE under Count I.

### AMOUNT OF DAMAGES DEMANDED

45.    TSI denies that plaintiff is entitled to the relief sought.

### TSI'S AFFIRMATIVE DEFENSES

1.    Plaintiff lacks standing because he has not suffered a particularized or concrete injury.

2.    Plaintiff provided his prior express consent to be contacted regarding the underlying debt.

3.    Plaintiff was not charged for any calls placed by TSI.

4.    The relevant calls were not placed to plaintiff's cell phone.

4

5.     One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

6.     Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

7.     The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

8.     The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

9.     To the extent plaintiff was not the subscriber of the cell phone at the time of the calls, he has no standing to assert the claim.

10.     To the extent plaintiff was not the intended recipient of the calls, he has no standing to assert the claim.

WHEREFORE, Defendant, Transworld Systems, Inc., respectfully requests the Court dismiss this action with prejudice and grant it any such other and further relief the Court deems appropriate.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

COLLINS & LACY, P.C.

*s/ Meghan Hazelwood Hall*
MEGHAN HAZELWOOD HALL
Federal Bar No. 11720
mhall@collinsandlacy.com
KELSEY J. BRUDVIG
Federal Bar No. 12329
kbrudvig@collinsandlacy.com
1330 Lady Street, 6th Floor
Columbia, SC  29201-2487
Telephone: (803) 256-2660
Facsimile: (803) 771-4484

*Attorney for Defendant,*
*Transworld Systems, Inc.*

**DEFENDANT TRANSWORLD SYSTEMS,**
**INC.'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S**
**COMPLAINT**

Columbia, South Carolina
November 9, 2017

## <u>CERTIFICATE OF SERVICE</u>
(Case No. 7:17-cv-02445-TMC-JDA)

The undersigned employee of Collins & Lacy, P.C., hereby certifies that she has served the following named individual(s) with a copy of the pleading(s) indicated below via email and/or by mailing a copy of same to them in the United States mail, with sufficient postage affixed thereto and return address clearly marked on the date indicated below:

Earl Gavin
300 Marion Ave.
Gaffney, SC 39341

**PLEADING: DEFENDANT TRANSWORLD SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COLLINS & LACY, P.C.

*s/ Meghan Hazelwood Hall*
MEGHAN HAZELWOOD HALL
Federal Bar No. 11720

Columbia, South Carolina
November 9, 2017