**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| **EARL GAVIN,** § | |
| § | |
| **Plaintiff,** § | |
| **v.** § | |
| § | Case No. 7:17-cv-02445-DCC-JDA |
| **TRANSWORLD SYSTEMS, INC.,** § | |
| § | |
| **Defendant.** § | |

## REPLY IN SUPPORT OF DEFENDANT'S 12(b)(6) MOTION TO DISMISS

Defendant, Transworld Systems, Inc. ("TSI"), through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits this memorandum in support of its motion to dismiss seeking dismissal of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, claims filed by the plaintiff, Earl Gavin.

## INTRODUCTION

Plaintiff asserts TSI violated the FDCPA, FCRA, and the Telephone Consumer Protection Act ("TCPA") by allegedly placing certain phone calls and pulling his credit report. As proven in TSI's motion to dismiss, plaintiff's purported FDCPA is time-barred on its face because FDCPA claims are subject to a one-year statute of limitations and plaintiff did not file suit until a year and two months after TSI's last alleged conduct.

TSI's motion also proves that plaintiff's FCRA claim fails for two reasons. First, FCRA claims must be filed by the earlier of 2 years from the discovery of the conduct giving rise to the claim or 5 years from when the conduct occurred. Plaintiff admits that he wrote to TSI about the allegedly improper credit pull over two years before he filed for suit. Therefore, plaintiff's FCRA

1

claim is time-barred. Second, TSI had a permissible purpose to pull plaintiff's credit report. Plaintiff admits that TSI was attempting to collect a student loan, and courts have resoundingly held that a company may pull a consumer's credit report if it is attempting to collect virtually any debt, including a student loan.

Accordingly, plaintiff's purported FDCPA and FCRA claims fail as a matter of law because they are time-barred and/or admittedly meritless based on plaintiff's own allegations. The Court should therefore dismiss both claims.

## LAW AND ARGUMENT

### 1. Plaintiff's FDCPA Claim Is Time-Barred On Its Face

Plaintiff asserts TSI violated the FDCPA by calling him to collect a debt he allegedly did not owe. Plaintiff alleges these calls occurred between July 2014 and July 2016. Dkt. 1. Plaintiff also attached to his Complaint two exhibits that purportedly memorialize each call, i.e., alleged screenshots and summaries of the calls. *See* Dkt. 1-2 & 1-3. According to these exhibits, TSI last called plaintiff on July 17, 2016. *Id.* However, plaintiff did not file his Complaint until September 13, 2017—nearly two months after his purported FDCPA claim became time-barred. Therefore, plaintiff's FDCPA claim fails as a matter of law and must be dismissed.

### 2. Plaintiff's FCRA Claim is Time-Barred On Its Face

As explained in TSI's motion to dismiss, an individual must file an FCRA claim "not later than *the earlier of* (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p (emphasis added). TSI's motion also explains that, according to the allegations in plaintiff's Complaint, he discovered TSI had pulled his credit report no later than August 22, 2015. *See* Dkt. 22 at ¶ 6 (alleging that "[o]n August 22, 2015 [plaintiff] mailed

2

[TSI] debt validation letter [sic] in reference to the credit pull/inquiries from [TSI]."). Finally, TSI's motion explains that plaintiff did not file suit against TSI until September 17, 2017—nearly a month after any FCRA suit would have become time-barred. *See* Dkt. 1.

Were that not enough, plaintiff did not actually allege TSI had improperly pulled his credit report or assert an FCRA claim until he filed his Amended Complaint on January 29, 2018—five months after his FCRA claim became time-barred according to the relation back doctrine. *See* Dkt. 22. Under the relation back doctrine, a claim only relates back to the date of the original pleading if it is based on a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 646 (2005). Plaintiff's original Complaint *only* relates to allegedly improper calls by TSI—it doesn't say a single word about a credit pull, despite that plaintiff wrote TSI about the pull in August 2015. Accordingly, while plaintiff's FCRA claim is time-barred even in his original Complaint, his failure to timely plead his FCRA claim is even more glaring in his Amended Complaint, which is the operative pleading for the claim.

Plaintiff's opposition does not address his admission that he discovered TSI had pulled his credit report no later than August 22, 2015 and/or that he did not file suit within 2-years of doing so. Instead, plaintiff misreads 15 U.S.C. § 1681p to state that he could file suit before *the later of* 2 years from when he discovered TSI had pulled his credit report or 5 years from when TSI pulled the report. This is obviously wrong based on the plain language of the statute.

Accordingly, the Court should determine plaintiff's claim is time-barred on its face and dismiss plaintiff's purported FCRA claim.

### 3. TSI Had A Permissible Purpose To Pull Plaintiff's Credit Report Because, As He Admits, TSI Was Attempting To Collect A Debt From Him

Even if plaintiff timely asserted his FCRA claim (he did not), the claim would still fail as a matter of law because TSI had a permissible purpose to pull plaintiff's credit report. The FCRA

3

states that a company may pull a credit report if it "intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review *or collection of an account of, the consumer.*" 15 U.S.C. § 1681(a)(3)(A). In his Amended Complaint, plaintiff repeatedly acknowledges that TSI was contacting him to collect a debt. *See*, *e.g.*, Dkt. 22 at ¶ 50 (stating that "Defendant are [sic] attempting to collect on an alleged Student Loan").

In opposition, plaintiff asserts TSI did not have a permissible purpose to pull his credit report because the student loan does not meet the definition of an "account." Under the FCRA, an "account" is defined under another section of Title 15 of the U.S. Code. *See* 15 U.S.C. § 1681a(r)(4) (stating that the FCRA's definition of an "account" is the same as appears in 15 U.S.C. § 1693a). The relevant section defines an account as "a demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes." 15 U.S.C. § 1693a. Relying on this language, plaintiff asserts TSI did not have a permissible purpose to pull his credit report because a student loan is not a "demand deposit, savings deposit, or other asset account."

Plaintiff is wrong, and his interpretation of the FCRA "has been universally rejected by every court that has directly addressed it." *Harris v. NCO Fin. Sys.*, 2013 WL 6858852, *3 (D. Md. Dec. 23, 2013). These courts have reasoned as follows:

> It is true that the court ordinarily interprets statutes according to their plain meaning, and that read literally, the cross-reference in § 1681a(r)(4) may suggest that only deposit accounts are included in FCRA's definition of an "account." However, "where the literal meaning of a statute yields an illogical result or one manifestly not intended by the legislature, departure from strict adherence to statutory text may be warranted." Given that one of the purposes of the statute is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of consumer credit," it would make little sense for the statute to apply only to deposit

4

> accounts. It is also not clear what the "collection of" a deposit account would mean in practical terms. In light of the broader context of the statute, the term "account" . . . must be interpreted to include debts such as credit card accounts and student loans.

*Valle v. RJM Acquisitions, LLC*, 2015 WL 739855, *3 (D. Conn. Feb. 19, 2015) (internal citations omitted).

To that end courts have resoundingly held that a company is permitted to pull a consumer credit report for the purpose of collecting essentially any debt, including student loan debts. *See, e.g.*, *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 427 (5th Cir. 2012); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir.2009); *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009); *Fritz v. Capital Mgmt. Servs.*, 2013 WL 4648370, *3 (W.D. Pa. Aug. 29, 2013) (collecting cases).

Accordingly, the Court should determine that TSI had a permissible purpose to pull his credit report because, as plaintiff alleges, TSI pulled the report as part of its efforts to collect a student loan from him.

## **CONCLUSION**

Given the foregoing, the Court should find that plaintiff has failed to state a claim under the FDCPA and FCRA and dismiss plaintiff's purported FDCPA and FCRA claims.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

COLLINS & LACY, P.C.

*s/Meghan Hazelwood Hall*
MEGHAN HAZELWOOD HALL
Federal Bar No. 11720
mhall@collinsandlacy.com
KELSEY J. BRUDVIG
Federal Bar No. 12329
kbrudvig@collinsandlacy.com
1330 Lady Street, 6th Floor
Columbia, SC 29201-2487
Telephone: (803) 256-2660
Facsimile: (803) 771-4484

And

SPENCER M SCHULZ
sschulz@sessions.legal
Sessions Fishman Nathan and Israel
Lakeway Two
3850 N Causeway Boulevard
Suite 200
Metairie, LA 70002
504-828-3700 (voice)
504-828-3737 (facsimile)

*Attorneys for Defendant,*
*Transworld Systems, Inc.*

Columbia, South Carolina
March 22, 2018

## **CERTIFICATE OF SERVICE**
(Case No. 7:17-cv-02445-DCC-JDA)

The undersigned employee of Collins & Lacy, P.C., hereby certifies that she has served the following named individual(s) with a copy of the pleading(s) indicated below via email and/or by mailing a copy of same to them in the United States mail, with sufficient postage affixed thereto and return address clearly marked on the date indicated below:

Earl Gavin
300 Marion Ave.
Gaffney, SC 39341
egav1986@gmail.com

**PLEADING:  REPLY IN SUPPORT OF DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

COLLINS & LACY, P.C.

By:     *s/Meghan H. Hall*
MEGHAN H. HALL
Federal I.D. # 11720

Columbia, South Carolina
March 22, 2018